**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Hugo Jaime, et al.,                               )   No.  CV-21-00015-PHX-SPL
                                                  )
                    Plaintiffs,                   )
                                                  )   **ORDER**
vs.                                               )
                                                  )
Parts Authority LLC, et al.,                      )
                                                  )
                    Defendants.                   )
                                                  )
                                                  )

Before the Court is Defendants' Motion to Dismiss or Transfer Venue in Whole or In Part (Doc. 15) and two joinders: Defendants Parts Authority Arizona LLC, Parts Authority Inc., and Yaron Rosenthal's Joinder in Defendant Diligent Delivery Systems' Motion to Dismiss or Transfer Venue in Whole or in Part (Doc. 18) and Larry Browne's Joinder in Defendant Diligent Delivery Systems' Motion to Dismiss or Transfer Venue in Whole or in Part. (Doc. 20) The Motion is ripe for review. (Docs. 38, 45) For the following reasons, the Motion will be granted as modified.

Also before the Court are two Motions to Reconsider, filed by Defendants Yaron Rosenthal and Larry Browne. (Docs. 51, 52) The Motions to Reconsider will be denied as moot.

**I.      BACKGROUND**

This case arises from an alleged failure to pay overtime wages. Plaintiffs Randall Gohn, Robert Davis Jr., Maurice Headd, Bryan Bluder, Cynthia Cyprian, Kelly White, and Tyrone Young are all delivery drivers. (Doc. 36 at ¶¶24–31) Young is a resident of New

York. (Doc. 36 at ¶¶24,30) Gohn, Bluder, Cyprian, and White are residents of Arizona. (Doc. 36 at ¶¶25,28–29,31) Davis is a resident of New Jersey. (Doc. 36 at ¶26) Headd is a resident of Georgia. (Doc. 36 at ¶27)

Defendant Yaron Rosenthal had substantial decision-making authority over Parts Authority Arizona LLC and Parts Authority Inc. (all three will be referred to as the "Parts Authority Defendants"). (Doc. 36 at ¶36) The Parts Authority Defendants own and operate a chain of automobile parts stores in multiple states. (Doc. 36 at ¶1) Defendants Northeast Logistics, Inc., Arizona Logistics, Inc., BBB Logistics, Inc., and Michigan Logistics, Inc. are staffing agencies that supply delivery drivers to the Parts Authority Defendants. (Doc. 36 at ¶2) They do business as "Diligent Delivery Systems." (Doc. 36 at ¶2) Defendant Larry Browne "exercised operational control" over the Diligent Delivery business entities. (Doc. 36 at ¶43) Henceforth the Court will refer to the staffing agency defendants and Larry Browne together as the "Diligent Defendants." Defendants Northeast Logistics, Inc., BBB Logistics, Inc., and Michigan Logistics, Inc. are headquartered in and have principal places of busines in Texas. (Doc. 36 at ¶¶39–41) Larry Browne lives in Texas. (Doc. 36 at ¶43) Arizona Logistics, Inc. has its headquarters and principal place of business in Arizona. (Doc. 36 at ¶44)

The Diligent Defendants allegedly hire delivery drivers to work for the Parts Authority Defendants. (Doc. 36 at ¶¶3–4) Defendants (the Amended Complaint does not specify which Defendants) classify the delivery drivers as "independent contractors." (Docs. 36 at ¶5, 45 at 2) The Motion to Dismiss states Plaintiff Davis signed a contract with Defendant Northeast Logistics, Inc. and Plaintiff Gohn contracted with Defendant Arizona Logistics, Inc. (Doc. 15 at 2) It is not clear from the Amended Complaint with whom the other Plaintiffs contracted.[1] Allegedly, the contracts contained arbitration

---

[1] Plaintiffs included some of the contracts with Document 41, a separate statement filed in support of their response to the Motion to Dismiss. (Doc. 38) These contracts can be considered for purposes of the Court's Rule 12(b)(2) and 12(b)(3) analyses, but not for the 12(b)(6) analysis because the documents were not attached to the Amended Complaint or incorporated by reference, nor did Plaintiffs ask the Court to take judicial notice. *See United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011).

agreements. (Doc. 36 at ¶¶9–17) Each Plaintiff allegedly was employed by "Defendants," which presumably means all listed Defendants. (Doc. 36 at ¶¶24–31)

Plaintiffs allege they were wrongfully classified as independent contractors and that they were wrongly denied overtime wages and reimbursement for the cost of driving their own vehicles to deliver parts. (Doc. 36 at ¶¶7–8) They also allege Defendants failed to provide the New York delivery drivers with accurate wage statements, a violation of New York state law. (Doc. 36 at ¶8) It is unclear from the Amended Complaint which entity was responsible for payment of Plaintiffs

Plaintiffs filed their Class Action Complaint on January 5, 2021. (Doc. 1) The Amended Class Action Complaint sets forth claims for (1) violation of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages, (2) violation of the FLSA's minimum wage requirement, (3) violation of the Arizona Employment Practices and Working Conditions Law ("AEPWCL") for failure to pay the Arizona minimum wage, (4) violation of the New Jersey Wage and Hour Law ("NJWHL") for failure to pay overtime wages, (5) violation of the NJWHL for failure to pay the New Jersey minimum wage, (6) violation of the New York Labor Law ("NYLL") for failure to pay overtime wages, (7) violation of the NYLL for failure to pay the New York minimum wage, (8) violation of the NYLL for failure to provide wage statements, (9) violation of materially identical state overtime laws, (10) violation of materially identical state minimum wage laws by failure to pay minimum wage after deducting unreimbursed vehicle expenses, and (11) a request for declaratory judgment. (Doc. 36 at ¶¶235–357) Similar cases have been filed both in this District and others.[2]

On January 20, 2021 Plaintiffs filed a Motion to Conditionally Certify Collective

[2] *Scalia v. Arizona Logistics Inc.*, No. CV-16-04499-PHX-DLR (D. Ariz.) (filed Dec. 21, 2016); *Baten v. Michigan Logistics, Inc.*, Case No. 18-10229 (C.D. Cal.) (filed Dec. 10, 2018); *Henao v. Parts Authority, LLC*, Case No. 19-10720 (S.D.N.Y.) (filed Nov. 19, 2019); *Burgos v. Northeast Logistics, Inc.*, 2017 WL 10187756 (E.D.N.Y. Mar. 30, 2017); *Rodriguez-DePena v. Parts Authority Inc.*, 2016 WL 10932999 (E.D.N.Y.) (filed Sept. 30, 2016), *aff'd*, 877 F.3d 122 (2nd Cir. 2017), *cert. denied*, 138 S. Ct. 2634 (2018); *Diaz v. Michigan Logistics, Inc.*, 167 F. Supp. 3d 375 (E.D.N.Y. 2016).

3

Action, Order Disclosure of Putative Members' Names and Contact Information, and to Facilitate Class Notice. (Doc. 9) During February and March of 2021 Defendants filed three Motions to Dismiss. (Docs. 15, 17, 19) This Order addresses Document 15, filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(3) for improper venue and 12(b)(6) for failure to state a claim. (Docs. 15 at 1, 18 at 1, 20 at 1) Document 15 is also a motion to transfer pursuant to 28 U.S.C. § 1404(a). (Docs. 15 at 1, 18 at 1, 20 at 1) In the same motion, Defendants Northeast Logistics, Inc., Michigan Logistics, Inc., BBB Logistics, Inc., Parts Authority Arizona LLC, and Parts Authority Inc. move to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (Docs. 15 at 1, 18 at 1) The Court denied the Motion to Certify without prejudice, giving Plaintiffs leave to refile after its decision on the Motions to Dismiss. (Doc. 35 at 4)

Also in February 2021, Hugo Jaime, the only named plaintiff asserting an FLSA claim in the first two complaints, accepted a settlement offer from Defendants.[3] (Doc. 29 at 3–4) Plaintiffs filed a Motion for Leave to Amend Their Complaint on March 29, 2021, seeking to preserve the FLSA claim by adding new plaintiffs in their Amended Class Action Complaint. (Doc. 29 at 6) Defendants asserted the Amended Class Action Complaint does not cure the defects of the initial complaint. (Doc. 31 at 2) The Court allowed Plaintiffs to amend their First Amended Complaint and stated it would rule on the motions to dismiss after the Second Amended Complaint was filed. (Doc. 35 at 3) Plaintiffs have since filed the Second Amended Class Action Complaint and their response to the pending Motion to Dismiss. (Docs. 36, 38)

## II.    LEGAL STANDARDS

### A.  Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(b)(2)

A plaintiff bears the burden of establishing personal jurisdiction. *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1184–85 (D. Ariz. 2012). When a defendant

---

[3] Plaintiff Jaime's settlement has been finalized and Plaintiffs filed a notice of dismissal on July 19, 2021. (Doc. 53) He has been terminated as a party. The Court will not discuss his claims further.

4

moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction'" over the defendant. *Cummings v. W. Trial Lawyers Assoc.*, 133 F. Supp. 2d 1144, 1151 (D. Ariz. 2001). In the absence of an evidentiary hearing on the issue of personal jurisdiction, a plaintiff must only make "a *prima facie* showing of jurisdictional facts through the submitted materials" in order to avoid dismissal for lack of personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

**B. Motion to Dismiss for Improper Venue Under Rule 12(b)(3), 28 U.S.C. § 1391 or Transfer Under 28 U.S.C. § 1404(a)**

Cases brought in the wrong venue may be transferred under 28 U.S.C. § 1404(a) to any other district where the case may have been brought or to a district "to which all parties have consented." Defendants argue the "first-to-file" rule applies here, and that the Court should decline to exercise jurisdiction over the case. (Doc. 15 at 6) "The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). It is "intended to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* (internal quotations omitted). A court may apply the rule "when a complaint involving the same parties and issues has already been filed in another district." *Id.* at 1240 (internal quotations omitted).

**C. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)**

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" so the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

## III.    DISCUSSION

The Court will now determine whether the Amended Complaint cures the defects pointed out in the Motions to Dismiss, and whether it should dismiss or transfer the case I in whole or in part.

### A. Personal Jurisdiction

In FLSA cases, the Court applies the law of the state where the action is situated to determine personal jurisdiction. "[A]nalyzing personal jurisdiction under Arizona law and federal due process are identical." *LNS Enterprises LLC v. Cont'l Motors Inc.*, 464 F. Supp. 3d 1065, 1071 (D. Ariz. 2020) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004)). General personal jurisdiction exists "when the defendant has 'continuous and systematic' contacts with the forum state, whereas specific [personal] jurisdiction exists when the controversy arises from or is related to the defendant's contacts with the forum state." *LNS Enterprises*, 464 F. Supp. at 1072 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). General jurisdiction generally only exists for corporations in the state in which they are incorporated and the state in which they have their principal place of business. *LNS Enterprises*, 464 F. Supp. at 1072 (citing *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014)). As for specific personal jurisdiction, the Ninth Circuit has established a three-prong test to see whether it exists. *See Schwarzenegger*, 374 F.3d at 802.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

*Id.* Courts in this district have applied both the purposeful availment and the purposeful direction tests (the first *Schwarzenegger* factor) to unpaid wage claims. *See Kesley v. Ent. U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1071 (D. Ariz. 2014); *and see Barbee v. DNSPWR2 LLC*, No. CV-20-08100-PCT-MTM, 2020 WL 6585666, at *2 (D. Ariz. Nov. 10, 2020).

"The purposeful availment standard focuses on whether a nonresident defendant's conduct and connection with the forum are such that it should reasonably anticipate being haled into court there." *Arizona Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 936 (D. Ariz. 2016) (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "It is based on the presumption that it is reasonable to require a defendant to be subject to the burden of litigating in a state in which it conducts business and benefits from its activities in that state." *Arizona Sch. Risk Retention Tr.*, 169 F. Supp. 3d at 936 (citing *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1259 (9th Cir. 1989)). "This requirement is met if the contacts proximately result from actions by the defendant itself that create a substantial connection with the forum, such as where the defendant has deliberately engaged in significant activities within the forum or has created continuing obligations between itself and forum residents." *Arizona Sch. Risk Retention*, 169 F. Supp. 3d at 936 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985)).

"Purposeful direction 'requires that the defendant ... have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (citing *Schwarzenegger*, 374 F.3d at 803) (internal quotations omitted). "Actions may be directed at the forum state even if they occurred elsewhere." *Morrill*, 873 F.3d at 1142 (citing *Schwarzenegger*, 374 F.3d at 803). "However, 'random, fortuitous, or attenuated contacts' are insufficient to create the requisite connection with the forum." *Morrill*, 873 F.3d at 1142 citing *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 475 (1985) (internal quotation marks omitted). "An intentional act is one denoting an external manifestation of the actor's will ... not including any of its results, even the most direct, immediate, and intended." *Morrill*, 873 F.3d at 1142 (internal quotations omitted).

Defendants Northeast Logistics, Inc., Michigan Logistics, Inc., BBB Logistics, Inc., Parts Authority Arizona LLC, and Parts Authority Inc. move to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. (Docs. 15 at 1, 18 at 1) The Court will analyze each group of defendants separately.

      i.     *Diligent Defendants*

Defendants Northeast Logistics, Inc., Michigan Logistics, Inc., and BBB Logistics Inc. are all incorporated in Texas. *See supra* I. Their principal places of business are also in Texas. *Id.* Thus, there is no general jurisdiction over these Defendants. *See LNS Enterprises*, 464 F. Supp. at 1072 (citing *Helicopteros Nacionales*, 466 U.S. at 416). Turning to specific jurisdiction, Plaintiffs argue "a substantial part of the events or omissions" giving rise to their claims occurred in Arizona. (Doc. 38 at 13) Plaintiffs Gohn, Bluder, Cyprian and White are Arizona residents. (Doc. 38 at 13) Plaintiffs allege these individuals "worked for Defendants in Arizona and were paid below the minimum wage for work performed in Arizona." (Doc. 38 at 13) They also allege these Plaintiffs made contracts with the Defendants in Arizona. (Doc. 38 at 14) Plaintiffs provided copies of some of the contracts signed by Plaintiffs, including the one signed by Gohn. (Docs. 41-1, 41-12 at 5–26) These contracts are all on "Diligent Delivery Systems" letterhead, however, at the bottom they bear labels of the specific corporate entity. For example, Gohn's contract reads "Diligent Agreement ● Arizona Logistics." (Doc. 41-12 at 5) As far as this Court can tell, Gohn did not contract with Northeast Logistics, Inc., Michigan Logistics, Inc., or BBB Logistics Inc. because he contracted with Arizona Logistics. (Doc. 41-12 at 5–26) Plaintiffs did not provide contracts for Bluder, Cyprian, or White.[4] Cyprian gave a declaration stating she signed a document "characterized as a contract" with Diligent. (Doc.

---

[4] Plaintiffs also did not provide contracts for Headd or Young, and though they are not Arizona residents the Court wishes to make note of it.

41-25 at ¶24) This Court does not know which Diligent entity was party to the contract. Plaintiff Davis signed a contract with Northeast Logistics, Inc. (Doc. 15 at 2) Davis did not live or work in Arizona, therefore this contract cannot subject Northeast Logistics, Inc. to specific jurisdiction in this state.

Plaintiffs argue in their response brief that the Diligent Defendants are "a united single enterprise." (Doc. 38 at 21) Plaintiffs argue that because Defendants operate as a single enterprise, if the Court has jurisdiction over one, it has jurisdiction over all. (Doc. 38 at 22–23) Plaintiffs cite to a Central District of California case that provides a test to determine whether corporations form a single enterprise. *See Taylor v. Shippers Transp. Exp., Inc.*, No. CV 13-02092 BRO PLAX, 2014 WL 7499046, at *17 (C.D. Cal. Sept. 30, 2014). However, the Central District of California Court used that test to determine liability, not jurisdiction. *Id.* Furthermore, this Court has held that although Defendants may be single enterprises for the purposes of the FLSA, that single enterprise label is "irrelevant to the personal jurisdiction inquiry." *Kesley*, 67 F. Supp. 3d. at 1073. Therefore, the Court will not conduct the single enterprise analysis and finds Plaintiffs did not meet their burden of showing personal jurisdiction as to these three defendants. The Court cannot assert specific personal jurisdiction over the Texas Defendants if it does not know which one, if any, contracted with the Arizona Plaintiffs. Moreover, the Court is unaware of other acts by the Texas Defendants that would either avail them of Arizona jurisdiction or that were directed toward this forum. It will not use Arizona Logistics, Inc.'s activities to subject the other Diligent entities to its jurisdiction. Therefore, Northeast Logistics, Inc., Michigan Logistics, Inc., and BBB Logistics Inc. will be dismissed for lack of personal jurisdiction.

ii.     *Parts Authority Defendants*

Parts Authority Arizona LLC and Parts Authority Inc. did not file their own Motion to Dismiss, instead joining the one filed on Rule 12(b)(2), 12(b)(3), and 12(b)(6) grounds. (Docs. 15 at 1, 18 at 1) The Court finds it has personal jurisdiction over Parts Authority Arizona LLC and Parts Authority Inc. for the following reasons. First, the businesses have

9

purposefully availed themselves of conducting business in Arizona. Parts Authority has stores in Arizona, which used delivery drivers supplied through agreements with Arizona Logistics, Inc. Second, the claims in this case arise from Parts Authority's agreements with Arizona Logistics, Inc. Third, the Parts Authority Defendants have not made the slightest showing that exercise of personal jurisdiction would not be reasonable; they did not make any of their own arguments, merely joining the other Defendants' Motion. (Doc. 18 at 1) Therefore, under the three-prong *Schwarzenegger* test, the Court may exercise personal jurisdiction over Parts Authority Arizona LLC and Parts Authority Inc. *See* 374 F.3d at 802.

### B. Venue

Venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). It is also proper in "a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located," or in "a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

Defendants allege venue is improper because several Defendants do not reside in Arizona and a substantial part of the events or omissions giving rise to the claims did not occur in the state. (Doc. 15 at 8) The contracts were made in Texas, negotiations took place in New York and Texas, and the payments to Plaintiffs were made from Texas. (Doc. 15 at 8) Plaintiffs argue that four of the named Plaintiffs are Arizona residents who worked in Arizona and were paid below minimum wage for that work performed in Arizona. (Doc. 38 at 13) Three of the four Plaintiffs who reside in Arizona were added in the Amended Complaint. (Doc. 36 at ¶¶25,28–29,31)

The two Parts Authority entities are subject to personal jurisdiction in Arizona, as is Arizona Logistics, Inc. *See supra* III.A.ii. Therefore, because the Court has personal jurisdiction over these Defendants, venue is proper under 28 U.S.C. § 1391(b)(3).

///

///

10

### C. First-to-File Rule

"The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court." *Kohn*, 787 F.3d at 1239. A court may apply it "when a complaint involving the same parties and issues has already been filed in another district." *Id.* at 1240 (internal quotations omitted). The court applying the rule first analyzes three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues. *Id.* (internal citations omitted).

There is a pending lawsuit in the Southern District of New York, filed in November of 2019, that involves similarly situated plaintiffs against the same defendants. (Doc. 15 at 5–6) *See Henao v. Parts Authority, LLC*, Case No. 19-10720 (S.D.N.Y.) (filed Nov. 19, 2019). All claims in the instant case were also brought in *Henao*, save for Count XI, in which Plaintiffs seek declaratory judgment that they are exempt from arbitration and do not have to arbitrate their claims against Defendants. (Docs. 15 at 5–6, 36 at ¶361) *See also Henao*, No. 19-10720 (Doc. 1) (filed Nov. 19, 2019).

The first factor is obviously satisfied; *Henao* was filed more than a month before the instant suit. As for the second factor, the Defendants in both cases are the same. *See Henao*, No. 19-10720 (Doc. 1 at ¶¶12–18). Plaintiffs in the instant case argue they differ from the plaintiffs in *Henao* because the *Henao* proposed collective and classes are limited to drivers without arbitration agreements, and the instant case's proposed collective and classes are limited to drivers with arbitration agreements. (Doc. 38 at 12) Plaintiffs argue this distinction also means the central issues in the case are different because this case requires an analysis of the arbitration agreements that will not arise in *Henao*. (Doc. 38 at 12)

Defendants argue the class in *Henao* is not, in fact, limited to drivers without arbitration agreements, and that the plaintiffs in the instant case are a subset of the class in *Henao*. (Doc. 45 at 2) The *Henao* order referenced by Plaintiffs reflects an agreement the parties reached before a magistrate judge. *Henao*, No. 19-10720 (Doc. 71) (filed January 29, 2020). The order states that plaintiffs with arbitration agreements shall be withdrawn

11

from the *Henao* proceeding, however, if another Court finds the arbitration agreements unenforceable, they may proceed in the Southern District of New York. *Henao*, Case No. 19-10720 (Doc. 71 at ¶3). The order appears to apply only to the current *Henao* plaintiffs, though this Court believes the spirit of the agreement was to limit the class to only those plaintiffs without arbitration agreements. *Id.* Since those plaintiffs with arbitration agreements were withdrawn, it would not make sense for this Court to then transfer plaintiffs with arbitration agreements to the Southern District of New York, despite Defendants' arguments.

Therefore, because the Court finds *Henao* was limited in such a way, it will not apply the first-to-file rule to any of the plaintiffs with arbitration clauses in their contracts because the second and third factors are not met as to those individuals. However, Defendants allege that two Plaintiffs, Maurice Headd and Cynthia Cyprian, did not have arbitration clauses in their contracts with Defendants. (Doc. 45 at 4) The Amended Complaint alleges Headd and Cyprian's contracts do, in fact, have arbitration clauses. (Doc. 36 at ¶¶13–14) The Court was not provided with Headd and Cyprian's contracts and has no way of knowing whether they included the arbitration clause. (Doc. 41) The Court need not take the allegations in the Amended Complaint as true when deciding a 12(b)(3) motion and may accept facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (internal citations omitted). Therefore, it does not accept the allegations that Headd and Cyprian have arbitration clauses, and because they satisfy all three factors of the first-to-file-rule, the Court will transfer Plaintiffs Headd and Cyprian to the Southern District of New York.

Due to Plaintiff Jaime settling and Plaintiff Headd's transfer, Claims I and II will be transferred to the Southern District of New York in their entirety. Claims I and II were the only FLSA claims in this case, and Jaime and Headd were the only Plaintiffs bringing them. However, Plaintiffs allege the Court has jurisdiction under 28 U.S.C. § 1332(d) and the Court cannot find they have not satisfied the requirements of § 1332(d)(2). Therefore, the Court will continue to exercise diversity jurisdiction over the remaining state law claims

and move to the Rule 12(b)(6) arguments.

### D. Failure to State a Claim

Defendants argue Plaintiffs' claims fail because the Complaint is a "shotgun pleading." (Doc. 15 at 15) Defendants further argue the Amended Complaint did not cure the deficiencies of the original, and that it too, is a shotgun pleading. (Doc. 45 at 6) "The key characteristic of a shotgun pleading is that it 'fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests,' which renders [the pleading] disfavored and usually subject to dismissal." *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 4732145, at *9 (D. Ariz. Aug. 14, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). "A complaint is a shotgun pleading where it has at least one of the following characteristics: (1) it 'contain[s] multiple counts where each count adopts the allegations of all preceding counts,' (2) it is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action,' (3) it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[ ] or which of the defendants the claim is brought against.'" *Casavelli*, 2020 WL 4732145 at *9 (quoting *Weiland*, 792 F.3d at 1321–23).

The remaining causes of actions are state law claims against the remaining Defendants: Arizona Logistics Inc., Parts Authority Arizona LLC, Parts Authority Inc., Yaron Rosenthal, and Larry Browne. The remaining Plaintiffs are from New York, Arizona, and New Jersey. *See supra* I. The Amended Complaint states each Plaintiff was employed by "Defendants." *See supra* I. It does not state which Defendant employed which Plaintiff.

Defendants argue the Complaint and Amended Complaint are both deficient because Plaintiffs fail to distinguish their employers from one another, failing to state which company is responsible for which act or omission. (Docs. 15 at 14–15; 45 at 6) Plaintiffs allege in the Amended Complaint that the Parts Authority entities constitute a

"single employer." (Doc. 36 at ¶35) They also allege the Diligent entities constitute a "single employer." (Doc. 36 at ¶45) Plaintiffs further allege Diligent and Parts Authority are "joint employers" of the delivery drivers because the drivers' work benefitted both groups and because the groups shared authority to hire and fire them. (Doc. 36 at ¶¶47–48) Plaintiffs argue that because the Amended Complaint contains allegations that Defendants are joint employers, they have adequately pled their claims. (Doc. 38 at 20–21)

The Court finds the current case law supports Defendants' position. To meet the threshold pleading requirements, a complaint must contain *some* specific facts regarding each Defendant. *See, e.g.*, *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *7 (N.D. Cal. July 30, 2020) (finding the complaint was not a shotgun pleading when it contained allegations specific to each defendant, even when the defendants were in a joint employer relationship). Even the cases to which Plaintiffs cite containing findings of joint employment had complaints with specific allegations about the defendants that were part of the joint employment relationship. *See id.*, *see also Updateme Inc. v. Axel Springer SE*, No. 17-CV-05054-SI, 2018 WL 1184797, at *5 (N.D. Cal. Mar. 7, 2018) ("Plaintiff's complaint states which individual was involved in the alleged conduct, noting each individual by name and business affiliation…. Plaintiff also details what statements and representations each individual made and how these factored into plaintiff's allegations…. Plaintiff additionally states its belief that, based on these statements and representations, each individual was working on behalf of the defendants as a whole."); *Rodriguez v. SGLC, Inc.*, No. 2:08-CV-01971, 2010 WL 2943128, at *4 (E.D. Cal. July 23, 2010) ("A shotgun complaint is "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the [various] defendants charged.") (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

Here, the Amended Complaint remained devoid of any specific allegations of wrongdoing by specific defendants. The allegations state "Defendants" generally failed to pay overtime pay, failed to reimburse the drivers for the operation of their personal cars, and failed to provide wage statements. (Doc. 36 at ¶¶143–144,149,154,178,179) There is

14

simply not enough specificity to avoid classification as a shotgun pleading. Therefore, the Amended Complaint does not cure the defects of the original and it must be dismissed under Rule 12(b)(6) for failure to state a claim, as it is an incomprehensible shotgun pleading. *See Casavelli*, 2020 WL 4732145 at *9 (quoting *Weiland*, 792 F.3d at 1323).

## IV.   <u>CONCLUSION</u>

In summary, the Court lacks personal jurisdiction over Defendants Northeast Logistics, Inc., Michigan Logistics, Inc., and BBB Logistics Inc., but may exercise personal jurisdiction over the Parts Authority Defendants. *See supra* III.A. Venue is proper in this district, but the first-to-file rule applies to Plaintiffs Headd and Cyprian. *See supra* III.B,C. Finally, the Amended Complaint failed to cure the defects of the original, because it is a shotgun pleading. *See supra* III.D.

For the foregoing reasons,

**IT IS ORDERED** that Diligent Delivery System's Motion to Dismiss or Transfer Venue in Whole or In Part (Doc. 15) is **granted as modified** as follows:

I.    Northeast Logistics, Inc., Michigan Logistics, Inc., and BBB Logistics Inc. are **dismissed** for lack of personal jurisdiction under Rule 12(b)(2).

II.    **Plaintiffs Maurice Headd and Cynthia Cyprian**, and **Claims I and II** in their entirety will be **transferred** to the Southern District of New York to join the similarly situated plaintiffs in *Henao v. Parts Authority LLC, et al.*, Case No. 19-10720. The Clerk of Court shall process the transfer upon docketing of this order

III.    **Claims III–X** are **dismissed without prejudice** for failure to state a claim under to Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Defendant Yaron Rosenthal and Defendant Larry Browne's Motions to Reconsider (Docs. 51, 52) are **denied as moot**.

///

///

///

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 20th day of July, 2021.

Honorable Steven P. Logan
United States District Judge