```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    MAURICE HEADD, et al.,                    :
                            Plaintiffs,       :
                                              :
             -against-                        :       21 Civ. 6219 (LGS)
                                              :
                                              :              ORDER
    PARTS AUTHORITY, LLC, et al.,             :
                            Defendants.       :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

### I.  BACKGROUND

WHEREAS, on August 10, 2021, this case was transferred to the Southern District of New York from the District of Arizona (Dkt. No. 56);

WHEREAS, this case was transferred so Plaintiffs could "join the similarly situated plaintiffs in *Henao v. Parts Authority LLC, et al.*, Case No. 19-10720" pursuant to the first-to-file rule. *Jaime v. Parts Auth. LLC*, No. 21 Civ. 15, 2021 WL 3055041, at *8 (D. Ariz. July 20, 2021). The District of Arizona held that it "will not apply the first-to-file rule to any of the plaintiffs with arbitration clauses in their contracts because the second and third factors [under the rule] are not met as to those individuals." *Id.* at *7;

WHEREAS, Defendants argued before the District of Arizona that Plaintiff Cynthia Cyprian was not subject to an arbitration clause;

WHEREAS, shortly after the case was transferred to the Southern District of New York, Defendants located Cyprian's arbitration agreement based on newly provided information from Plaintiffs (Dkt. No. 64);

WHEREAS, Cyprian confirmed that she signed the arbitration agreement without waiving any arguments as to the enforceability of that agreement (Dkt. No. 68);

WHEREAS, Defendant proposes adding Cyprian to the *Henao* action and requiring her to withdraw her claims based on the arbitration stipulation in that action (Dkt. No. 70);

WHEREAS, Cyprian proposes transferring her claim back to the District of Arizona because "the key fact found by the District of Arizona, which was based on Defendants' prior denial of that [arbitration] agreement[,] has now proven false" (Dkt. No. 71);

## II.   LEGAL STANDARD

WHEREAS, the party moving for a transfer "bears the burden of proof and must make a strong showing that the balance of convenience and the interest of justice weigh heavily in favor of a transfer." *Dymokowski v. Nextel Commc'ns Inc.*, No. 07 Civ. 8473, 2021 WL 2380275, at *3 (S.D.N.Y. June 8, 2021) (internal quotation marks omitted).  The standard of proof on a motion for transfer is "clear and convincing evidence." *Id.* (quoting *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010)).  "Motions for retransfer are disfavored in this Circuit." *Id.* (internal quotation marks omitted).

## III.   DISCUSSION

WHEREAS, Cyprian has shown by clear and convincing evidence that, considering the recent discovery of her arbitration agreement, her claim should be retransferred to the District of Arizona because (1) the law-of-the-case doctrine dictates retransfer and (2) the balance of convenience and interest of justice weigh heavily in favor of retransfer.

### A.  Law of the Case

WHEREAS, the District of Arizona transferred Cyprian's claims to the Southern District because it did not accept the allegation that Cyprian had an arbitration agreement with Defendants and applied the first-to-file rule to Cyprian. *Jaime*, 2021 WL 3055041, at *7-8.  The District of Arizona held that it "will not apply the first-to-file rule to any of the plaintiffs with arbitration clauses in their contracts because the second and third factors [under the rule] are not met as to

those individuals." *Id.* at *7. The law-of-the-case doctrine "applies as much to the decisions of a coordinate court in the same case as to a court's own decisions," and courts routinely apply the doctrine to transfer decisions of coordinate courts. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988); *accord HSM Holdings v. Mantu I.M. Mobile Ltd.*, No. 20 Civ. 967, 2021 WL 3115486, at *2 (S.D.N.Y. July 21, 2021). Under the law-of-the-case doctrine, a court's decision upon a rule of law "should continue to govern the same issues in subsequent stages in the same case" absent "an intervening change in controlling law, availability of new evidence, or the need to correct a clear error or manifest injustice." *DiLaura v. Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992) (internal quotation marks omitted); *accord HSM Holdings*, 2021 WL 3115486, at *4;

WHEREAS, the availability of new evidence justifies revisiting the prior to decision to transfer this case. The parties do not dispute that within a few weeks of the District of Arizona's transfer decision, Defendants located new evidence showing that Plaintiff Cyprian signed an agreement with an arbitration clause. Under the clear analysis provided in the District of Arizona's ruling, Plaintiff Cyprian's claims would not have been transferred to the Southern District of New York if Defendants had located the agreement at the time of the District of Arizona's ruling. The District of Arizona stated, "[s]ince those plaintiffs with arbitration agreements were withdrawn, it would not make sense for this Court to then transfer plaintiffs with arbitration agreements to the Southern District of New York, despite Defendants' arguments." *Jaime*, 2021 WL 3055041, at *6.

**B. Balance of Convenience and Interest of Justice**

WHEREAS, 28 U.S.C. § 1404(a), provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred." Here, it is undeniable that a substantial part of the events giving rise to Plaintiff Cyprian's claims arose in Arizona where she resides and where she allegedly worked for Defendants. In previously seeking to transfer venue to the Southern District of New York, Defendants pointed to the residences and claims of other Plaintiffs, who are no longer parties to this action, to argue that only a small part of the events giving rise to the claims occurred in Arizona.

WHEREAS, the balance of convenience and the interest of justice weigh heavily in favor of a transfer. Some of the factors to consider in relation to the balance of convenience are: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." *D.H. Blair & Co. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (internal quotation marks omitted); *accord Johnson v. Costco Wholesale Corp.*, No. 20 Civ. 2169, 2021 WL 3128236, at *2 (S.D.N.Y. July 23, 2021). Here, Plaintiff's choice of forum is the District of Arizona, which favors transfer to Arizona. Defendants have argued that venue for witnesses and parties is convenient in Texas and New York while Plaintiff argues venue is convenient in Arizona, which neither favors nor disfavors transfer to Arizona. Defendants claim relevant documents are in New York and Texas while Plaintiff notes she executed contracts in Arizona, which neither favors nor disfavors transfer to Arizona. The locus of operative facts is largely in Arizona where Plaintiff Cyprian worked and signed contracts governing her employment, which favors transfer to Arizona. The parties agree the availability of process is neutral. The means of the parties favors transfer to Arizona because Defendants operate a nationwide enterprise with contacts in Arizona while there is no evidence to suggest that Plaintiff has contacts with New York or the means to travel to New York. Another consideration favoring transfer is Plaintiff Cyprian's claims arise under Arizona state law, with which the District of Arizona is more familiar

than a federal court sitting in New York.  Weighing these factors collectively, the overwhelming weight of factors supports transfer to the District of Arizona.

WHEREAS, the strong weight of the balance of convenience factors and the interest of justice strongly outweigh the disfavored nature of retransfer.  Here, the arbitration agreement supports review of the prior transfer ruling and was discovered quickly after transfer occurred.  In revisiting the transfer decision in the context of Cyprian's claims, the factors considered all support transfer to Arizona or are neutral.  The delay caused by retransfer is minimal.  Retransfer may also provide a forum more likely to support finding personal jurisdiction over Defendants.  It is hereby

**ORDERED** that this case is TRANSFERRED to the United States District Court for the District of Arizona.

Dated:  September 30, 2021
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**